JAMES HENRY DONNELLY, PROSECUTOR, v. BOROUGH OF LONGPORT, DEFENDANT.

Submitted July 3, 1915—Decided November 3, 1915.

1. A municipal ordinance being attacked on the ground that prosecutor did not have the required notice of its intended passage —*Held*, that the burden was on prosecutor to show that due notice was not given.

2. Chapter 12 of the laws of 1915, a further supplement to the Borough act, is not unconstitutional—(*a*) as failing to express its object in the title; (*b*) or as a special law regulating the internal affairs of municipalities; (*c*) or as authorizing the taking of property for private use.

On *certiorari.*

Before Justices PARKER, MINTURN and KALISCH.

For the prosecutor, *Clarence L. Cole.*

For the defendant, *Harry Wootton.*

The opinion of the court was delivered by

PARKER, J.   The attack is on the validity of an ordinance passed by the board of commissioners of the borough of Longport on May 1st, 1915, entitled "An ordinance to provide for the erection and maintenance of certain structures on the beach or ocean front of the borough of Longport, pursuant to an act of the legislature of the State of New Jersey, entitled 'A further supplement to an act entitled "A general act relating to boroughs (Revision of 1897),"' approved April 24th, 1897, approved February 23d, 1915, by the construction, erection, building, rebuilding, repairing and keeping in repair, in order to protect property from encroachment by the sea, by seawalls, bulkheads, jetties and other works and structures for the protection thereof, along the beach or ocean front of said borough, including the filling in and grading of land around and about any seawall, bulkhead, work or struc-

ture, necessary to maintain or preserve the same and providing for the payment of the cost of such work and for the repair and maintenance of said seawall, bulkhead, jetty, work or structure; said structures to be constructed on land above or below high-water mark between the westerly line of Eleventh street and the easterly line of Minnesota avenue and oceanward of the northerly line of Beach avenue."

The first point made is that it does not appear that the "notice of intention" to pass said ordinance was published in the manner required by law. We think it is sufficient for present purposes to say that this point is not supported by any of the reasons filed. The sixth reason is that "the prosecutor was without legal notice of the intention to introduce and pass said ordinance;" but, as pointed out in *Griffin* v. *Wanser*, 57 *N. J. L.* 535, this is very different from charging that the giving of legal notice of intention does not appear on the face of the return or otherwise in the case. What prosecutor asserts, by the reason assigned, is that such notice was not in fact given; and, as was held in Griffin *v.* Wanser, or plainly implied in the decision, the burden of proof of this fact is put on prosecutor who asserts it.

The next, and principal point of attack, is that the act of 1915 is unconstitutional, for several reasons—

*First,* as failing to express its object in its title. It is a "further supplement" to the General Borough act of 1897.

We conceive that such a title is sufficient to support any legislation fairly comprehended in the main act.

We think it has never been held that a mere supplement should express in its title the specific change or addition contemplated by the legislature. The act in question is plainly restricted in its practical operation to boroughs bordering on the ocean (as to which more will be said presently), and empowers them to protect their water front by jetties, bulkheads and the like. It is pertinently pointed out by the defendant's counsel that this is directly in line with the authority conferred by the basic act, in section 28 (*Comp. Stat., p.* 240), to pass ordinances for "the protection of property from encroachment by the sea;" and in section 33 "to pro-

vide suitable protection for property from encroachment by
the sea and to cause the cost of such improvement to be as-
sessed upon the lands fronting on the  *  *  *  section so
improved to the extent of the benefit received." The legisla-
tion of a supplement may be outside the scope of the title of
the original act (*Jersey City* v. *Speer,* 78 *N. J. L.* 34; 79 *Id.*
598) ; but that is a different matter, and not in this case.
There are perhaps hundreds of acts entitled "An act concern-
ing cities," or the like, and *Anderson* v. *Camden,* 58 *Id.* 515,
518, is one of the numerous decisions holding that such a
title sufficiently expresses the object of the act. The discus-
sion of this question by the present Chief Justice, in *Quigley* v.
*Lehigh Valley Railroad Co.,* 80 *Id.* 486, 490, 491, quoted in
*Mount* v. *Howell,* 85 *Id.* 487, sufficiently elucidates the posi-
tion of our courts on the subject.

*Secondly,* that the act creates a class of boroughs border-
ing on the Atlantic ocean, or arms thereof, and that such class
is illusory and offends against the prohibition of special laws
regulating the internal affairs of municipalities. The con-
trary has been held in *Bowker* v. *Wright,* 54 *N. J. L.* 130;
*Johnson* v. *Ocean City,* 74 *Id.* 187; *Seaside, &c., Co.* v. *At-
lantic City, Id.* 178; *affirmed,* 76 *Id.* 819; *Fishblatt* v. *At-
lantic City,* 78 *Id.* 134; *affirmed,* 80 *Id.* 269; *Bew* v. *Ventnor
City,* 81 *Id.* 207. The statutes considered in those cases re-
lated to cities bordering on the ocean, but it is, of course, quite
immaterial whether a class of cities or of boroughs is in
question.

*Thirdly,* that it does not appear that the property which
is to be taken to make the desired protection, or part thereof,
is to be taken for a public use, or that the proposed assess-
ments will be for a public purpose. It is manifest that the
protection of the borough territory at large from the en-
croachment of the sea is a public purpose, at least so far
as relates to the streets and other public places; and it is
likewise for a public purpose in protecting the property of
the citizens generally from such encroachment. Such pro-
tection is no new thing in this state. As early as 1788—we
need not search back farther—the owners of a majority in

acreage of marsh swamp land on tidewater were authorized to combine and build dikes by taking a specified course of procedure; and the lands of all were liable to be assessed, those of unwilling owners as well; and to be taken and leased for long terms to pay the assessment. *Comp. Stat., p.* 3241; see *Perrine* v. *Warner,* 87 *N. J. L.* 166. In *Coster* v. *Tide Water Co.,* 18 *N. J. Eq.* 54, 518, and in *Kean* v. *Driggs Drainage Co.,* 45 *N. J. L.* 91, there was no intimation that the general scheme of draining meadow composed of numerous tracts was essentially not a public use, but the decisions went upon the ground that in the particular case a private concern was to benefit, and that such a concern was not entitled to take advantage of the state's rights of taxation or eminent domain. In the Coster case, indeed, the Court of Errors and Appeals expressly held that for the purpose of reclaiming large tracts, the rights of eminent domain and taxation may be employed. In that case the land was salt marsh cut up into irregular tracts under divers owners, and substantially devoid of highways or public places. It seems to be generally held that the construction of drains and levees by a public agency for the benefit of citizens at large is a public use (15 *Cyc.* 594), and indeed we do not see how it could well be held otherwise.

The last point we reproduce in the language of prosecutor's brief. "Section 1 reads: 'The council, or other governing body of any borough, is hereby authorized,' &c. This would include boroughs not incorporated under the General Borough act. There are such other boroughs as is well known to the court. There is nothing in the case to show that the defendant is a borough incorporated under the General Borough act of 1897 so as to take the benefit of the act of 1915."

If Longport be a borough organized under the General act, the supplement is not ineffective as to boroughs within that act, and in fact Longport was incorporated under the General act. See *Pamph. L.* 1898, *p.* 50. If we are not permitted to take judicial notice of its incorporation, the prosecutor is not entitled to make the point quoted, because it is not embraced in any of his reasons.

The writ will be dismissed.